UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
NOV 1 4 2023
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

———————————————————

ERICK MEIR,

        Petitioner,

   v.                                  21-CV-329 (JLS) (LGF)

M. ROYCE,

        Respondent.

———————————————————

## DECISION AND ORDER

Petitioner Erick Meir commenced this proceeding in March 2021,[1] when he filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. Meir was convicted, after a jury trial, of predatory sexual assault against a child and predatory sexual assault, for which he was sentenced to imprisonment for twenty-five years to life on each count. *See id.* at 2–3.[2] He challenges his convictions on four grounds: (1) the testimony of the victim, who was four years old at the time of trial, and Meir's purportedly coerced and later-recanted confession did not provide the corroboration necessary to sustain the convictions; (2) the trial court improperly admitted testimony from the prosecution's expert

---

[1] The petition is dated January 20, 2021, but was received and filed in this Court on March 1, 2021. *See* Dkt. 1, at 1, 15, 19. Timeliness is not an issue here, regardless of which date is used, because leave to appeal to the New York Court of Appeals was denied on April 27, 2020, and the time to seek *certiorari* expired thereafter. *See* Dkt. 1, at 2–3.

[2] All page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

witness about child sexual abuse accommodation syndrome; (3) the sentence was excessively harsh; and (4) the trial court erred by informing the jury that the victim identified Meir as the perpetrator. *See* Dkt. 1, at 5, 7, 8, 10. Respondent filed a response to the petition, with a supporting memorandum of law. Dkt. 3; Dkt. 4. Meir did not reply.

This Court referred the case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 18 U.S.C. §§ 636(b)(1)(B) and (C). Dkt. 5. On March 13, 2023, Judge Foschio issued a Report and Recommendation ("R&R"), recommending that this Court (1) dismiss the petition, and (2) decline to issue a certificate of appealability. Dkt. 9.

In particular, Judge Foschio concluded, as to Ground One, that Meir's claim was not cognizable on federal habeas review because it arose under state law—and, even if it were cognizable, other trial evidence corroborated the victim's testimony and Meir's confession. *See id.* at 12–15. As to Ground Two, Judge Foschio concluded that the trial court's decision to admit expert testimony regarding child sexual abuse accommodation syndrome, even if improperly admitted, did not affect the fundamental fairness of the trial. *See id.* at 15–17. Judge Foschio concluded that the Third Ground did not provide a basis for habeas relief because Meir's sentence violated neither the Eighth nor the Fifth Amendment to the United States Constitution. *See id.* at 17–20. And as to the Fourth Ground, Judge Foschio concluded that Meir's claim regarding the victim's in-court identification was

2

procedurally barred and, in any event, the identification did not result in a fundamental miscarriage of justice. *See id.* at 20–23.

Meir objected to the R&R. Dkt. 10. He argues primarily that the R&R erred by failing to accord his pleading the liberal construction due to *pro se* litigants. *See id.* at 1–3. Had the R&R done so, he argues, the outcome would have been different. *See id.* Meir states that his petition is based on the arguments of his appellate counsel on appeal, and that applying a liberal construction to his pleadings would reveal an ineffective assistance of counsel claim. *See id.* at 2, 3. Respondent responded to Meir's objections. Dkt. 12. Meir did not reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3). Based on its *de novo* review of Judge Foschio's R&R and the relevant record, the Court accepts and adopts Judge Foschio's recommendations to dismiss the petition and to refrain from issuing a certificate of appealability.

Meir's argument that Judge Foschio failed to account for his *pro se* status lacks merit. The R&R clearly referenced Meir's *pro se* status and considered the petition in light of that status. *See* Dkt. 9, at 1–2 ("Petitioner Erick Meir . . . , proceeding *pro se*, filed a petition . . . , seeking habeas relief . . . ."); *id.* at 17–20 (analyzing Meir's Third Ground under two different constitutional standards, after noting that his petition "does not specify the constitutional basis for" the Third

Ground); *id.* at 20–23 (analyzing Meir's Fourth Ground to determine if it was procedurally defaulted and, alternatively, as a challenge to the sufficiency of the evidence). This Court did so as well.

## CONCLUSION

For the reasons stated above and in the R&R, the petition (Dkt. 1) is DISMISSED. This Court concludes that Meir failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), and, therefore, DENIES a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444–46 (1962). The Clerk of the Court shall close this case.

SO ORDERED.

Dated:      November 14, 2023
            Buffalo, New York


                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE